ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
FEB 23 2006
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JEROME J. UNGS and VELMA T. UNGS, Plaintiffs, | § | |
| v. | § | CIVIL NO. 06-137 T |
| UNITED STATES OF AMERICA, Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs Jerome J. Ungs and Velma T. Ungs ("Plaintiffs" or the "Ungs") are citizens of the United States of America whose address is 685 Weathersfield Dr., Dunedin, FL. 34698.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1984)

5. Jerome J. Ungs and Velma T. Ungs filed a timely joint federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-3294 and XXX-XX-8069, respectively.

6. For 1984, Jerome J. Ungs was a limited partner in Travertine Flame Associates ("TFA"), a California limited partnership.

7. TFA timely filed its 1985 Forms 1065, partnership tax return.

8. The IRS assessed tax liability of $6,203.00 for 1984 against the Ungs based upon a settlement in which they agreed only to certain adjustments to partnership items related to TFA. The IRS also assessed interest and §6621(c) penalty interest of $33,586.31 against the Ungs for 1984.

9. The Ungs paid that liability in full and, on October 7, 2003, the Ungs filed with the IRS a claim for refund of $6,203.00 of tax and the accompanying interest and §6621(c) penalty interest paid for 1984.

10. On February 23, 2003, the IRS disallowed that claim.

11. As grounds for recovery, the Ungs restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

A. The demand and/or claim for refund relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the partnership (referred to in this explanation as "the Partnership") for 1984 (referred to in this explanation as "the settlement years").

B. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made

more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items" but of affected items or nonpartnership items.

C. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). The tax deficiencies upon which the §6621(c) interest was assessed arose from adjustments to partnership items determined in the Tax Court. No agreed settlement that was entered into by the taxpayer regarding affected items or non-partnership items. The Tax Court decision established only

certain specific adjustments to partnership items. The Tax Court had no jurisdiction to determine adjustments to affected items or partnership items. There was no decision or agreement that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. The Tax Court determinations were independent of any basis that would have constituted a "tax motivated transaction."

F. Also, to the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

G. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated



R:\DOCS\TAXCONT.T\tmwc2226.un1 wpd

transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

H. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T. A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

I. The recomputation of interest takes into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

J. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful acts leading to seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund should, at a minimum, include a suspension period from December 31, 1988 to April 1, 1993, based on the dates the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records

to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

K. Interest should also be abated for the period beginning with a date 45 days after the Tax Court decision became final and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

12. Over six (6) months have elapsed since the Ungs filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

13. The Ungs are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT TWO
(Calendar Year 1985)

14. Jerome J. Ungs and Velma T. Ungs filed a timely joint federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-3294 and XXX-XX-8069, respectively.

15. For 1985, Jerome J. Ungs was a limited partner in Desert Highland Vineyards ("DHV"), a California limited partnership.

16. DHV timely filed its 1985 Form 1065, partnership tax return.

17. The IRS assessed tax liability of $5,191.00 for 1985 against the Ungs based upon a settlement in which they agreed only to certain adjustments to partnership items related to DHV. The IRS also assessed interest and §6621(c) penalty interest of $24,434.63 against the Ungs for 1985.

18. The Ungs paid that liability in full and, on October 7, 2003, the Ungs filed with the IRS a claim for refund of $5,191.00 of tax and the accompanying interest and §6621(c) penalty interest paid for 1985.

19. On February 23, 2003, the IRS disallowed that claim.

20. As grounds for recovery, the Ungs restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

A. The demand and/or claim for refund relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the partnership (referred to in this explanation as "the Partnership") for 1984 (referred to in this explanation as "the settlement years").

B. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made

more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into by the Tax Matters Partner after the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed by the TMP and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred because the claim does not seek a change in the "treatment of partnership items" but of affected items or nonpartnership items.

C. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). The tax deficiencies upon which the §6621(c) interest was assessed arose from adjustments to partnership items determined in the Tax Court. No agreed settlement that was entered into by the taxpayer regarding affected items or non-partnership items. The Tax Court decision established only

certain specific adjustments to partnership items. The Tax Court had no jurisdiction to determine adjustments to affected items or partnership items. There was no decision or agreement that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. The Tax Court determinations were independent of any basis that would have constituted a "tax motivated transaction."

F. Also, to the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

G. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated

transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

H. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

I. The recomputation of interest takes into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

J. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful acts leading to seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund should, at a minimum, include a suspension period from December 31, 1988 to April 1, 1993, based on the dates the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records

to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

K. Interest should also be abated for the period beginning with a date 45 days after the Tax Court decision became final and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

21. Over six (6) months have elapsed since the Ungs filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

22. The Ungs are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

COUNT THREE
(Calendar Year 1986)

23. Jerome J. Ungs and Velma T. Ungs filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-3294 and XXX-XX-8069, respectively.

24. For 1986, Jerome J. Ungs was a limited partner in Rancho California II ("RC2"), a California limited partnership.

25. DHV timely filed its 1986 Form 1065, partnership tax return.

26. The IRS assessed tax liability of $2,275.00 for 1986 against the Ungs based upon a settlement in which they agreed only to certain adjustments to partnership items related to DHV. The IRS also assessed interest and §6621(c) penalty interest of $9,309.00 against the Ungs for 1986.

27. The Ungs paid that liability in full and, on October 7, 2003, the Ungs filed with the IRS a claim for refund of $6,014.00of interest and §6621(c) penalty interest paid for 1986.

28. On February 23, 2003, the IRS disallowed that claim.

29. As grounds for recovery, the Ungs restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The demand and/or claim for refund relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the partnership (referred to in this explanation as "the Partnership") for 1986 (referred to in this explanation as "the settlement years").

B. Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). The tax deficiencies upon which the §6621(c) interest was assessed arose from adjustments to partnership items determined in the Tax Court. No agreed settlement that was entered into by the taxpayer regarding affected items or non-partnership items. The Tax Court decision established only

certain specific adjustments to partnership items. The Tax Court had no jurisdiction to determine adjustments to affected items or partnership items. There was no decision or agreement that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

C. The Tax Court determinations were independent of any basis that would have constituted a "tax motivated transaction."

D. Also, to the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the TMP and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into by the TMP, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the Tax Court decision reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated

transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004); *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

F. Alternatively, even if the doctrine under *Weiner*, *Todd*, *McCrary*, and Treas. Reg. §301.6621-2T, A-5 does not preclude the application of §6621(c), no portion of the underlying tax liability was attributable to any event defined in §6621(c) or the regulations thereunder as a tax motivated transaction.

G. The recomputation of interest takes into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

H. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful acts leading to seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund should, at a minimum, include a suspension period from December 31, 1988 to April 1, 1993, based on the dates the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records

to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

I. Interest should also be abated for the period beginning with a date 45 days after the Tax Court decision became final and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

30. Over six (6) months have elapsed since the Ungs filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

31. The Ungs are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Jerome J. Ungs and Velma T. Ungs pray for judgment against the Defendant the United States of America in the amount of $75,428.94, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS
JEROME J. UNGS AND VELMA T. UNGS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)